## DUFART vs. DUFOUR.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The parties to this suit were partners, for the purchase of goods in New-Orleans, and the sale of them in Tampico and Sota la Marina. The defendant attended to the purchases, and the plaintiff to the sales. On the 28th of November, 1825, both being at Soto

[If partners state, in the preamble of an agreement, that they have settled their affairs to the day of the date, no account can be claimed by either, of any anterior transaction.

DUFART
*vs.*
DUFOUR.

la Marina, they entered into an agreement, in the following words:

"We, the subscribers, certify, that we have settled our affairs (*reglé nos operations*) till this day, relating to our trade in Tampico and Soto la Marina, and have agreed to what follows:

"I, J. Dufour, declare, I received this day, from Dufart, $7,264, due by me in New-Orleans, on contracts anterior to this day, for our commerce. I have also received from him $10,183, to be laid out in goods, in New-Orleans, to be sent to Dufart, to be sold on our account. I further declare, that from this latter sum Dufart may deduct his advances for our commerce, and this being done, the balance will belong to us jointly. The debts we have collected, are also to be equally divided, as being part of our profits. He may retain from the above debts, which amount, by approximation, to $9,168, according to our calculation, and which he is to collect; $60 per month, since our departure from New-Orleans, till this day; and $300, I having taken out a like sum.

"I, Dufart, approve what is above written, and bind myself to account to Dufour, for one half of said collections."

The defendant having neglected to send goods, according to this agreement, the plaintiff came over, and finally instituted the present suit. The defendant, by reconvention, claimed an account from the plaintiff, of all transactions from the beginning of the partnership. The plaintiff contended, every thing was settled up to the day of the above agreement.

The district court thought so and ordered an account of osterior transactions. From this interlocutory order the present appeal is taken.

We think the district court did not err. The first sentence of the agreement has no meaning, if the parties did not mean to convey the idea, that all anterior transactions were adjusted.

It is true, advances, made by the plaintiff, are spoken of, without their amount being stated, and the amount of the active debts is stated, by approximation on the calculation of the partners. If the plaintiff claims any allowance for advances, he must show their amount. It is not extraordinary, that the active debts cannot be finally ascertained, with-

*Eastern District.*
*December,* 1829.

DUFART
*vs.*
DUFOUR.

out a liquidation, to which the debtors must be parties.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, and the case remanded for further proceedings, the appellant paying costs in this court.

*Derbigny* for plaintiff, *Grymes* for defendant.